UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CAMERON ANGEL BROWN, ESQ.,

                      Plaintiff,

       -against-

ALPHASENSE, INC.,

                      Defendant.

---------------------------------------------------------------X

Civ. No.: 25-CV-5491

**NOTICE OF REMOVAL**

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT
           COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that Defendant ALPHASENSE, INC. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Cameron Angel Brown, Esq. v. Alphasense, Inc.*, filed in the Supreme Court of the State of New York, County of New York, Index No. 158324/2025, to the United States District Court for the Southern District of New York.[1] As required by 28 U.S.C. § 1446(a), Removing Defendant sets forth below a short and plain statement of the grounds for removal:

**INTRODUCTION**

1.    Plaintiff Cameron Angel Brown commenced an action against Removing Defendant on or about June 30, 2025 by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York., Index Number 158324/2025. A copy of the Complaint is attached hereto as **Exhibit A**. In his Complaint, Plaintiff seeks money damages for violations of the New

---

[1] By removing this action to this Court, Removing Defendant does not waive any defenses, objections, or responsive pleadings available under state or federal law. Removing Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, *forum non conveniens*, res judicata or any other applicable grounds.

York State and New York City Human Rights Laws. (*See* Ex. A, Complaint, at Prayer for Relief.) Defendant denies Plaintiff's allegations.

2. On information and belief, Defendant has not yet been properly joined or served in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## GROUNDS FOR REMOVAL

3. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, no Defendant who is a citizen of New York has been properly joined and served, and on information and belief the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES AND DEFENDANT HAS NOT BEEN PROPERLY JOINED AND SERVED IN THIS ACTION

4. Plaintiff alleges in his Complaint that he is "an individual residing in Washington, D.C." (Complaint at page 3).

5. At the time Plaintiff commenced this civil action, and at all times since, Defendant was and is a corporation organized and existing under the laws of the State of California (California Secretary of State File Number 3178090), with its principal place of business located in the State of New York. Complaint at p. 16. Therefore, Defendant is a citizen of the States of California and New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

6. Accordingly, this action involves "citizens of different States." 28 U.S.C. §§ 1332(a), (e). Plaintiff is, on information and belief, a citizen of the District of Columbia, and because Defendant has not been properly joined and served in this action, removal of this action is proper under 28 U.S.C. § 1441(b)(2). *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

## II. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

7. The amount-in-controversy requirement is satisfied in this case because it is clear from the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); Complaint at 14 (seeking "Compensatory damages . . . currently estimated between $250,000 and $500,000").

8. A removing defendant need only show "a '*reasonable probability*' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (emphasis added).

## III. ADDITIONAL PROCEDURAL REQUIREMENTS

9. Removal is timely because less than 30 days have passed since Plaintiff filed his Summons and Complaint on June 30, 2025. *See* 28 U.S.C. § 1446(b).

10. Plaintiff's Summons and Complaint provide a sufficient basis for removal of this action because it is clear from the face of that document that the requirements of 28 U.S.C. § 1332(a) are satisfied. *See generally Christian, Klein & Cogburn v. NASD*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) ("an initial document, by whatever name, which contains enough information to allow defendant to intelligently ascertain removability qualifies as an initial pleading" for purposes of 28 U.S.C. § 1446(b)) (internal quotations omitted).

11. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action, individually tabbed and arranged in chronological order, is attached hereto collectively as **Exhibit A**.

12. In accordance with 28 U.S.C. § 1446(d), Removing Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice

along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of New York, where this action currently is pending.

13. Based upon the allegations in Plaintiff's Summons and Complaint, the proper venue for removal of this action under 28 U.S.C. § 112(d) is the United States District Court for the Southern District of New York because this District embraces the Supreme Court of the State of New York, County of New York, the forum in which the removed action was pending.

WHEREFORE, notice is given that this action is removed from the Supreme Court, County of New York, to the United States District Court for the Southern District of New York.

Dated: Melville, New York
July 2, 2025

Respectfully Submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

By:   s/ *Noel P. Tripp*
Noel P. Tripp, Esq.

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 2, 2025 the **NOTICE OF REMOVAL** was served via Overnight Mail, email and electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

Cameron A. Brown, Esq.
*Pro Se Plaintiff*
1625 Eckington PL NE PH104
Washington, D.C.  20002
(909) 833-5169
cabrwn@gmail.com

                s/ *Noel P. Tripp*
                Noel P. Tripp, Esq.

4907-4389-8194, v. 1