Cameron A. Brown, Esq.
1625 Eckington PL NE PH104
Washington, D.C. 20002
(909) 833-5169
cabrwn@gmail.com

August 30, 2025

<u>VIA ECF</u>
Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York

Re:     Brown v. AlphaSense, Inc., Case No. 1:25-cv-05491

Dear Judge Carter:

      I write in opposition to Defendant AlphaSense's August 29, 2025 letter seeking leave to file a Rule 12(b)(6) motion. Respectfully, dismissal at the pleadings stage would be premature. Plaintiff has alleged actionable discrimination and retaliation under the New York State and City Human Rights Laws, violations of N.Y.C. Admin. Code § 8-107(21), and related common-law theories. Defendant's arguments misstate the reach of the statutes, ignore Plaintiff's membership in multiple protected classes, and overlook AlphaSense's reliance on confidential information it was not legally entitled to obtain. AlphaSense seeks to dispose of Plaintiff's Complaint on purely legal grounds before any factual inquiry can be had. Yet AlphaSense is on notice that no fewer than four attorneys involved in the underlying arbitration and related litigation against Plaintiff's prior counsel are presently under investigation by bar regulators in two jurisdictions. Against this backdrop, AlphaSense's request for dismissal at the threshold is especially inappropriate.

## I. Protected Classes and Statutory Framework

      Defendant argues Plaintiff pleads no protected characteristic. Plaintiff is Black, gay, and has a disabling autoimmune disease (hidradenitis suppurativa), which made AlphaSense's remote-first structure uniquely important. Each characteristic is independently protected under the NYSHRL and NYCHRL. The NYCHRL further requires that all provisions be "construed liberally for the accomplishment of [its] uniquely broad and remedial purposes." *Albunio v. City of N.Y.*, 16 N.Y.3d 472, 477-78 (2011). At this stage, the Court must accept these facts as true and permit discovery into AlphaSense's motives. AlphaSense also minimizes the jurisdictional nexus to New York. But the law looks to where the **impact** of the decision is felt. In *Syeed v. Bloomberg L.P.*, 41 N.Y.3d 446 (2024), the Court of Appeals confirmed that non-residents may invoke the NYCHRL and NYSHRL when they "proactively sought an actual New York-based job opportunity." That is precisely the case here. The position was tethered to AlphaSense's New York headquarters, overseen by its New York legal department, and all in-person events and authority for the role emanated from New York. Plaintiff was told repeatedly during the interview process that his D.C. residence was advantageous because he could easily travel to New York for office functions.

Courts apply an "interest analysis" to such disputes, examining significant contacts and the state's regulatory interest. *DaSilva v. C & E Ventures, Inc.*, 83 A.D.3d 551, 553-54 (1st Dep't 2011) (applying New York law where work spanned two states because New York had the paramount interest in regulating conduct and protecting workers) . All material contacts here point to New York: the decision not to hire was made in New York, by New York-based personnel, for a role supervised in New York. If Plaintiff had filed in D.C., AlphaSense would argue the opposite—that one isolated rejection lacked sufficient contacts to D.C. The fact-specific inquiry leaves only one conclusion: New York has the paramount interest, and its Human Rights Law governs.

## II. Discrimination Based on Employment Status

Defendant asserts "employment status" is not protected. That is incorrect. **N.Y.C. Admin. Code § 8-107(21)**, enacted by Local Law 46 of 2013, expressly prohibits refusing to hire someone because of unemployment. Plaintiff alleges AlphaSense rescinded his offer after soliciting details of his prior administrative leave from Paul Hastings—allegedly used as a proxy by AlphaSense for assumed unemployment, termination, or misconduct. Reliance on such information is precisely what the statute forbids. Defendant's attempt to excise "employment status" from the Code contradicts both the text and the City Council's intent.

## III. Coordination with Paul Hastings and Improper Reliance on Confidential Information

The Complaint alleges, and AlphaSense does not deny, that it consulted Paul Hastings before rescinding the offer. Herbert Wang, AlphaSense's VP of Legal, solicited confidential employment information concerning Plaintiff's administrative leave. That information was not job-related, was prejudicial, and should never have been obtained. Innocent reasons for administrative leave abound—medical accommodations, family care duties, workplace safety, or neutral business restructurings—all protected and irrelevant to a candidate's qualifications. Mr. Wang's reliance on such information was improper. The rescission followed immediately after contact with Paul Hastings, supporting a reasonable inference of unlawful coordination and discriminatory motive.

## IV. Retaliation Inference

AlphaSense argues no retaliation because Plaintiff's arbitration and D.C. lawsuit were filed after the rescission. This misstates the claim. Plaintiff alleges AlphaSense acted in concert with Paul Hastings, who itself was retaliating against Plaintiff for ongoing protected activity. The NYCHRL makes it unlawful to retaliate or "aid and abet" retaliation, and it defines protected activity broadly as conduct "reasonably likely to deter" future opposition to discrimination. *Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013). The temporal sequence is powerful: Plaintiff was the top candidate until AlphaSense spoke to Paul Hastings, after which the offer was withdrawn. Courts recognize that temporal proximity alone can sustain an inference of retaliation at the pleading stage. *Pustilnik v. Battery Park City Auth.*, 71 Misc.3d 1058, 1071 (Sup. Ct. N.Y. Cnty. 2021) . Whether AlphaSense's action was motivated by Paul Hastings' retaliatory animus is a factual question requiring discovery.

### V. Disability and Race Discrimination

AlphaSense's motives may also have included assumptions about Plaintiff's health or race. Because Plaintiff disclosed his disability on "confidential" application materials, AlphaSense may have sought to avoid potential medical leave or accommodations. The NYCHRL requires only that discrimination be "a motivating factor" in an adverse action, not the but-for cause. *Watson v. Emblem Health Servs.*, 158 A.D.3d 179, 182-83 (1st Dep't 2018). Moreover, given Plaintiff is a Black man, AlphaSense's negative inferences about administrative leave may have been influenced by racial stereotypes of misconduct. These possibilities are well within the NYCHRL's broad remedial scope, which must be construed "broadly in favor of discrimination plaintiffs, to the extent such a construction is reasonably possible." *Makinen v. City of N.Y.*, 30 N.Y.3d 81, 86 (2017).

### VI. Common-Law Theories

Defendant also seeks to dismiss Plaintiff's tort claims. But AlphaSense's coordination with Paul Hastings and use of confidential information constitute "dishonest, unfair, or improper means"—an element of tortious interference. This is not a case of self-interference; the third-party relationship was Plaintiff's accepted offer of employment, which AlphaSense disrupted in concert with Paul Hastings. Plaintiff also alleges negligent conduct by counsel engaged in a sensitive legal hiring process. While AlphaSense cites *Jablonski v. Special Counsel, Inc.* (no general duty to applicants), this case is different: Plaintiff alleges breach of professional and ethical obligations unique to attorneys handling confidential information. Courts construing the NYCHRL emphasize a holistic inquiry, not artificial parsing. *Suri v. Grey Global Group, Inc.*, 164 A.D.3d 108, 114-15 (1st Dep't 2018) . At minimum, fact development is needed to determine whether AlphaSense's actions were improper, especially based on the heightened professional and ethical standards for attorneys like Herbet Wang.

### VII. Discovery Is Essential

AlphaSense's letter asks the Court to resolve disputed facts on the pleadings. But the full scale of its involvement with Paul Hastings has not yet been revealed. Whether the rescission was driven by confidential information, discriminatory stereotypes, retaliation for protected activity, or unlawful reliance on unemployment status requires discovery. The NYCHRL's liberal construction mandate compels denial of dismissal so these facts can be tested before a jury. *Suri*, 164 A.D.3d at 113-14; *Pustilnik*, 71 Misc.3d at 1066-68.

### VIII. Conclusion

Plaintiff has adequately alleged membership in multiple protected classes, adverse action, and circumstances giving rise to inferences of discrimination, retaliation, and statutory violation under § 8-107(21). Defendant's proposed motion would improperly short-circuit these claims before discovery.

For these reasons, Plaintiff respectfully requests the Court deny Defendant's request for leave to file a motion to dismiss.

Dated: August 30, 2025                    Respectfully submitted,

                                          _____
                                          Cameron A. Brown, Esq.
                                          1625 Eckington PL NE PH104
                                          Washington D.C., 20002
                                          Tel:    (909) 833-5169
                                          Email: cabrwn@gmail.com

                                          *Pro Se Plaintiff*